**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DION ANDERSON, | No. 15-17145 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01966-LJO-DLB |
| v. | |
| L. CAHLANDER; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Dion Anderson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations arising out of a disciplinary hearing.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under 28

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm in part, vacate in part, and remand.

Dismissal of Anderson's action as *Heck*-barred was proper because, notwithstanding the dismissal of a related criminal case, Anderson has not demonstrated that the results of the disciplinary hearing, including the loss of good-time credits, have been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (claim for monetary and declaratory relief based on allegations that necessarily imply the invalidity of the loss of good-time credits is not cognizable under § 1983); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether a complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint"). However, because the district court dismissed Anderson's claims with prejudice,

we vacate the judgment and remand for entry of dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (dismissals under *Heck* are without prejudice).

Anderson's contention that the district court judge was biased against him is without merit.

We lack jurisdiction to consider the district court's order denying Anderson's motion for change of venue because Anderson failed to amend his notice of appeal or file a separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

**AFFIRMED in part, VACATED in part, and REMANDED.**